IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3064 |
| vs. | FINDINGS OF FACT |
| OTTO RENE POJOY-GARCIA, | |
| Defendant. | |

This matter, having been tried without a jury, is before the Court for findings of fact pursuant to Fed. R. Crim. P. 23(c). *See United States v. B.A.D.*, 647 F.3d 772, 776 (8th Cir. 2011). The parties have presented the case on stipulated facts (filing 27; filing 29; filing 32) and have filed written briefs (filing 30; filing 33), and have submitted the case after a hearing in open court. The parties have agreed to waive a jury trial, and the Court accepts that waiver, finding that the defendant's express waiver was knowing and intelligent. *See*, Rule 23(a); *United States v. Mahler*, 141 F.3d 811, 814 (8th Cir. 1998); *United States v. Stalder*, 696 F.2d 59, 62 (8th Cir. 1982).

The defendant is accused of illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a). Filing 18. That section provides for prosecution of an alien who, having previously been removed from the United States, is found in it without the permission of the Attorney General. *See* § 1326(a). The defendant has admitted facts establishing the elements of the offense. Filing 29 at 2; 4. Accordingly, the Court finds the elements of the offense have been proved beyond a reasonable doubt. *See United States v. Morris*, 791 F.3d 910, 913 (8th Cir. 2015).

The defense rests on an affirmative defense of duress or necessity, which is properly presented by stipulation. *United States v. Wray*, 608 F.2d 722, 724 (8th Cir. 1979). The elements of that defense are that

> (1) he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; (2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act; (3) that he had no reasonable, legal alternative to violating the law; and (4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

*United States v. Diaz*, 736 F.3d 1143, 1150 (8th Cir. 2013) (listing elements of "duress or coercion"); *United States v. Bonilla-Siciliano*, 643 F.3d 589, 591 (8th Cir. 2011) (listing elements of "defense of necessity"); *see United States v. Polanco-Gomez*, 841 F.2d 235, 238 (8th Cir. 1988).[1] The defendant bears the burden of proving the elements of his defense by a preponderance of the evidence. *See Dixon v. United States*, 548 U.S. 1, 17 (2006).

The Court finds that the defendant has failed to carry that burden. *Bonilla-Siciliano* is particularly pertinent here. In that case, the defendant—

---

[1] "Modern cases have tended to blur the distinction between duress and necessity." *United States v. Bailey*, 444 U.S. 394, 410 (1980); *see United States v. Cook*, 310 F. App'x 935 (8th Cir. 2009); *e.g., United States v. Andrade-Rodriguez*, 531 F.3d 721, 723 (8th Cir. 2008) (listing elements of "necessity/justification defense"); *Polanco-Gomez*, 841 F.2d at 238 (describing "compulsion or duress" needed to support "defense of necessity").

a citizen of El Salvador—was charged with illegal reentry, and as support for a necessity defense, proffered the following:

> He testified that he faced danger in El Salvador from the government and gang members because of his tattoos indicating membership in a gang. He submitted an article from *The Washington Post,* which reported that "former and current gang members complain that police take them into custody simply for having tattoos." He presented documentation showing that he had attempted to remove the tattoos, but testified that he was unable to do so because of problems with his skin. [He] testified that he could not go elsewhere, because Canada was not accepting immigrants, and he also faced danger in Mexico, Guatemala, Columbia, and Venezuela as a result of his tattoos.

643 F.3d at 590. But the district court found his proffer insufficient to warrant instructing the jury on his defense, and he was convicted. *Id.* at 590-91. Applying the elements set forth above, the Eighth Circuit affirmed, concluding that the defendant had failed as a matter of law to present evidence supporting his proposed defense:

> On the first prong, generalized fears are insufficient to establish an imminent threat of harm; rather, a defendant must show that a real and specific threat existed. Because [the defendant] failed to identify any specific threat to his safety, and relied only on a generalized fear of harm from the government and gang members, he did not make a *prima facie* showing on the first element. As to the third element, [the defendant] cannot show

> that he lacked a reasonable, legal alternative to illegally reentering the United States, because he did not exclude the option of going to a country other than the United States or the handful of others that he stated were dangerous. For these reasons, the district court was correct to rule as a matter of law that he was not entitled to present a necessity defense.

*Id.* at 591 (citations and quotation omitted).

In this case, admittedly, the defendant's evidence of a real and specific threat is stronger, given his statement about what happened to him in Guatemala. *See* filing 29 at 2-3. But the defendant's argument still falls short on the third element of his defense: there is nothing in his proffer to exclude other lawful options, such as going to a country other than the United States. And "[i]f there was a reasonable, legal alternative to violating the law, the defense of necessity will fail." *Polanco-Gomez,* 841 F.2d at 238.

The duration of the defendant's stay in the United States also undercuts his argument. He reentered the country in 2005 and lived in Crete, Nebraska until his 2016 arrest. Filing 29 at 4; *see* filing 1 at 1. In *Bailey*, the Supreme Court addressed the applicability of a defense of necessity or duress to an ongoing offense, in the context of defendants who claimed that their escape from prison was justified by coercion. 444 U.S. at 415. The Court held that the defendants' evidence was not sufficient, because it was their burden to present evidence not only justifying their initial departure, but also their continued absence from custody. *Id.* at 412. So, "an indispensable element of such an offer [of proof] is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." *Id.* at 412-13.

Like escape from prison, illegal reentry "is an ongoing offense that continues until a person is discovered by authorities." *United States v. Delgado-Hernandez*, 646 F.3d 562, 567 (8th Cir. 2011). And in this case, the defendant's offense lasted for approximately 11 years. There is nothing to suggest that the defendant could not have moved on to another country, or returned to Guatemala after a time. In sum, even if the defendant had proved that his initial 2005 reentry into the United States was justified by necessity or duress—and to be clear, he did not—he has presented no evidence to establish that he did not have a lawful alternative to remaining in the United States for the following 11 years.

In sum, the Court finds that the government has established the elements of the charge against the defendant beyond a reasonable doubt, and the defendant has failed to carry his burden of establishing the elements of his affirmative defense by a preponderance of the evidence. Accordingly,

IT IS ORDERED:

1. The defendant is found guilty.

2. This case shall proceed to sentencing.

Dated this 30th day of August, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge