IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3064 |
| vs. | |
| OTTO POJOY-GARCIA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the modified/expedited presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 38) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 38) to the presentence report, asserting that he should receive at least a one-level adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The Guidelines permit a two-level reduction in the offense level where "the defendant clearly demonstrates acceptance of responsibility for his offense." *Id.* The burden to demonstrate acceptance of responsibility is the defendant's. *United States v.*

*Rivera-Mendoza*, 682 F.3d 730, 734 (8th Cir. 2012). In determining whether the defendant has accepted responsibility, as relevant to this case, the Court's considerations include whether the defendant truthfully admitted the conduct comprising the offense of conviction, voluntarily terminated or withdrew from criminal conduct, and the timeliness of the defendant's conduct in manifesting acceptance of responsibility. *Id.* cmt. n.1.

The acceptance-of-responsibility adjustment is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* cmt. n.2.

> Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted

> responsibility will be based primarily upon pre-trial statements and conduct.

*Id.* The defendant contends that this is such a situation. *See* filing 38.

There may be some merit to that contention. The defendant stipulated to his guilty conduct, eliminating factual elements of guilt and limiting trial to the Court's evaluation of his affirmative defense. *Compare, e.g.*, *United States v. Dyck*, 334 F.3d 736, 744 (8th Cir. 2003); *United States v. Field*, 110 F.3d 592, 594 (8th Cir. 1997). That affirmative defense, based on duress or necessity, did not meaningfully dispute his commission of the offense. On the other hand, a defense of duress or necessity is not entirely consistent with accepting responsibility, because the gravamen of the defense is to blame others for the crime. *See United States v. Demikh*, 683 F. App'x 533, 536 (8th Cir. 2017); *see also Rivera-Mendoza*, 682 F.3d at 734-35 (8th Cir. 2012); *cf. United States v. King*, 854 F.3d 433, 447-48 (8th Cir. 2017); *Dyck*, 334 F.3d at 744; *Field*, 110 F.3d at 594. And as a result, the government fully briefed these issues prior to the bench trial in this matter.

Based on those considerations, the Court will resolve the defendant's objection at sentencing. And, of course, the Court will consider the nature and circumstances of the defendant's offense, and the history and characteristics of the defendant, in its consideration of the § 3553(a) factors. *See United States v. Cadenas*, 445 F.3d 1091, 1094-95 (8th Cir. 2006).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 4th day of October, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge